UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN L. SLAGLE,<br><br>    Plaintiff,<br><br>    v.<br><br>UKIAH COURT OF LAW, et al.,<br><br>    Defendants. | Case No. 21-cv-09049-WHO (PR)<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE TO THIS ORDER ON OR BEFORE JANUARY 19, 2022** |

The Court has received both a Petition for Habeas Corpus and a Civil Rights Complaint filed by plaintiff Van L. Slagle; he put the same case number on each pleading. This is confusing, because he cannot pursue both a habeas and civil rights in the same case. He probably wants to pursue them in two separate cases, but I cannot be sure. In addition, before proceeding further I want to be sure that Slagle understands the cost of going forward on both cases. Therefore, on or before **January 19, 2022**, plaintiff Slagle shall file a proper written response to this order in which he indicates whether he wishes to pursue a habeas suit, a civil rights suit, or both. If he wishes to pursue both, I will direct the Clerk of Court to refile the civil rights suit as a separate case.

After Slagle filed a letter, the Clerk sent him a notice directing him to file a § 1983 complaint on this Court's form. (Dkt. No. 2.) He did so, and along with it a habeas petition, both containing the same case number. (Dkt. Nos. 5 and 6.) As he may be aware, the two types of actions are different. A habeas action is a challenge to the validity of his detention, in which the relief sought is release from custody. A civil rights action challenges the conditions of confinement and the relief a § 1983 complainant seeks is money damages. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus

action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In deciding how to proceed, Slagle should be aware of the following: The filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $402.00 ($350.00 if pauper status is granted). Under the Prisoner Litigation Reform Act, a prisoner is required to pay the fee, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $402.00 fee would be deducted from income to his or her prisoner account. In addition, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Slagle shall file a response to this Order by January 19, 2022 indicating whether he wishes to pursue the habeas petition, the civil rights complaint, or both.

**IT IS SO ORDERED.**

Dated:  December 13, 2021



WILLIAM H. ORRICK
United States District Judge